**CLEVELAND (city) v MULLOFF**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Dec 27, 1938

Alfred Clum, Director of Law, Cleveland, Girard Pilliod, Asst., Cleveland, Henry S. Zwolinski, Asst., Cleveland, for plaintiff-appellee.

William Gordon, Cleveland, for defendant-appellant.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

## OPINION

**PER CURIAM**

The appellant, Sam E. Mulloff, was convicted and sentenced in the Municipal Court of the City of Cleveland of a violation of certain provisions of a penal ordinance of the said City of Cleveland. The ordinance upon which the charge was predicated is a part of the "Sanitary Code" of the City of Cleveland. It provides that:

"Every work shop and all parts thereof and places appurtenant thereto, shall be maintained in good repair and shall be kept thoroughly clean and free from any accumulation of filth, garbage, rubbish or other waste."

The word "shop" is defined in the Sanitary Code as "places where food is prepared, manufactured or cooked for sale or kept for sale or sold."

The appeal to this court on questions of law, presents for determination the validity of the ordinance and the affidavit drawn in compliance with its provisions. A bill of exceptions was not filed.

We are not called upon to pass upon the question of the power of this reviewing court to take judicial notice of the ordinances of the City of Cleveland upon which the criminal charge in question is predicated.

Counsel for each side in open court have requested that we do so. We accede to their request.

(See **Orose v Hodge Co., 132 Oh St 607**, on the question of judicial notice in civil cases).

The **Constitution of this state, §3, Article 18,** grants to municipalities

"authority to exercise all powers of self-government and to adopt and enforce within their limits such local police, sanitary and

other similar regulations as are not in conflict with general laws."

The Supreme Court of this state has had before it on numerous occasions municipal ordinances claimed to be in conflict with general laws. The latest case in which the question was raised, pronounces the following test:

"In determining whether an ordinance is in conflict with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits and vice versa."

Cozart v Carran, City Manager, 133 Oh St 50.

See also: Village of Struthers v Sokol, 108 Oh St 263.

That municipalities are empowered to pass regulations pertaining to health and sanitation is no longer debatable. Public health and sanitation has always been regarded by courts as coming within the proper exercise of the police power of cities, where such powers are conferred upon the municipalities by the state. Ohio has conferred such powers.

After carefully examining the state laws and the ordinance in question, it is our conclusion that the ordinance does not exceed the general police powers conferred by the state, and is not in conflict with general laws, and that its adoption by the city of Cleveland was within the legitimate exercise of its right of local self-government.

Examination has been made of the affidavit which charged the violation of the ordinance and it is our conclusion that it charged the violation of the offense adequately and with certainty, and that the accused was fully apprised of the nature and cause of the accusation.

The claim that the affidavit in part charged the accused in the exact language of the ordinance, and is therefore error, we hold untenable.

City of Cincinnati v Schill, 125 Oh St 57.

No bill of exceptions having been filed containing the evidence adduced at the trial below, we indulge the presumption that the court had sufficient evidence before it to warrant a conviction.

Finding no error demonstrated by the transcript and record, the judgment is affirmed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur.